

FILED

NOV 1 9 2019

MICHAEL GANS
CLERK OF COURT

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE EIGHTH CIRCUIT

## IN RE NORRIS G. HOLDER, JR.,
Movant.

## CAPITAL CASE

## APPLICATION FOR AUTHORIZATION TO FILE A SUCCESSIVE MOTION UNDER 28 U.S.C. § 2255

Respectfully submitted,
LISA G. PETERS
Federal Defender
SCOTT W. BRADEN
Assistant Federal Defender
Arkansas Federal Defender Office
Arkansas Bar Number 2007123
1401 West Capitol, Suite 490
Little Rock, Arkansas 72201
(501) 324-6114
Scott_braden@fd.org

Counsel for Movant, Norris G. Holder, Jr., through undersigned counsel, respectfully asks this Court, pursuant to 28 U.S.C. § 2244(b)(3), to authorize him to file the attached successive motion under 28 U.S.C. § 2255(h)(2). Mr. Holder makes this request so that he may immediately assert a challenge to his conviction for using or carrying a firearm during and in relation to a "crime of violence," in violation of 18 U.S.C. § 924(c).

Specifically, Mr. Holder seeks to challenge his § 924(c) conviction and the death sentence imposed for that conviction under *United States v. Davis*, 139 S. Ct. 2319 (2019). *Davis* held that 18 U.S.C. § 924(c)(3)(B) is unconstitutionally vague. In *Davis* the Supreme Court extended the decision from *Johnson v. United States*, 135 S. Ct. 2551 (2015) to reach the language of 18 U.S.C. § 924(c)(3)(B), which defined a "crime of violence." This subsection of the statute is thus now void as unconstitutionally vague. This decision applies retroactively to cases on collateral review such as Mr. Holder's. After *Davis*, Mr. Holder's § 924(c) conviction cannot be sustained. Furthermore, Mr. Holder has filed this application and the attached §2255 motion within one year after the Supreme Court issued its decision in *Davis* on June 24, 2019.

As explained below, Mr. Holder can make the *prima facie* showing required by 28 U.S.C. § § 2244(b)(3) and 2255(h)(2). This Court therefore should allow the district court an opportunity to consider the merits of his application.

**Introduction**

On March 26, 1998, Norris G. Holder, Jr., was convicted of one count of bank robbery in which a killing occurs, in violation of 18 U.S.C. § 2113(a) and (e) (Count 1), and one count of using or carrying a firearm during and in relation to a crime of violence, specifically bank robbery as charged in Count 1, in violation of 18 U.S.C. § 924(c) (Count 2). Mr. Holder was sentenced to death on both counts, based upon sentencing provisions specific to each statute of conviction. With respect to the § 924(c) conviction, he was sentenced to death under 18 U.S.C. § 924(j).

After the decision in *Davis*, federal bank robbery under 18 U.S.C. § 2113(a) and (e) does not qualify as a categorical "crime of violence" within the meaning of § 924(c). Bank robbery cannot be a "crime of violence" under the now void residual clause of § 924(c)(3)(B). Also, as explained *infra* and in the attached § 2255 motion, it does not meet the definition of a "crime of violence" in the remaining elements clause, § 924(c)(3)(A). For this reason, Mr. Holder is innocent of his § 924(c) offense, and its associated conviction and death sentence are void. As explained in Part III of his proposed successive § 2255 motion, his death sentence on Count 1 is also void, and he must be resentenced by a jury on that conviction.

After *Davis,* it is clear that Mr. Holder's § 924(c) conviction and his death sentence (1) violate due process; (2) violate the laws of the United States and result in a fundamental miscarriage of justice; and (3) were entered in excess of the district

court's jurisdiction. However, because Mr. Holder previously pursued a collateral attack on his conviction and sentence under 28 U.S.C. § 2255, he may not pursue relief based upon his *Davis* claim in the district court without this Court's authorization.

Mr. Holder respectfully urges this Court to authorize him to file the attached successive § 2255 motion. Such authorization is appropriate when the petitioner makes a *prima facie* showing that his proposed claim relies on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(2). Mr. Holder has made the required *prima facie* showing that he should be authorized to pursue a successive § 2255 motion.

## Procedural History

### A. Conviction and sentencing.

Mr. Holder and a co-defendant, Billie Allen, were jointly charged in the Eastern District of Missouri with bank robbery in which a killing occurred, under 18 U.S.C. § 2113(a) and (e) (Count 1), and using or carrying a firearm during and in relation to a crime of violence, specifically bank robbery as charged in Count 1, in violation of 18 U.S.C. § 924(c) (Count 2).[1] The government sought the death penalty

---

[1] The criminal case against Mr. Holder and Mr. Allen is No. 97-cr-00141-ERW. The indictment is docket no. 17 in that case.

3

against both men under 18 U.S.C. § 2113(e) for Count 1 and under 18 U.S.C. § 924(j) for Count 2. The district court granted Mr. Allen's severance motion and ordered the two men tried separately.

Allen was tried first, and he was convicted on both counts. Although the evidence showed that Allen alone shot and killed the victim, Allen's jury sentenced him to death only on the § 924(c) count and returned a life sentence on the bank robbery charge.

Mr. Holder was subsequently convicted both of the bank robbery and of the § 924(c) offense. However, his jury returned death sentences on both counts.

**B. Direct appeal.**

Mr. Holder timely appealed to this Court, raising various issues relating to jury selection, jury instructions, admission of evidence, and aggravating factors. This Court rejected all of his arguments and affirmed his convictions and death sentences. *United States v. Allen*, 247 F.3d 741 (8th Cir. 2001). The United States Supreme Court denied certiorari. *Holder v. United States*, 539 U.S. 916 (2003).

**C. Initial § 2255 Motion.**

Following the denial of certiorari, Mr. Holder timely filed in the Eastern District of Missouri a motion for collateral relief under 28 U.S.C. § 2255. He asserted in the motion that (1) the indictment failed to allege a statutory aggravating factor, in violation of the Fifth Amendment, (2) the jury improperly considered a statutory

aggravating factor, and (3) trial counsel was ineffective in numerous respects. The district court denied relief. *Holder v. United States*, 2008 WL 2909648 (E.D. Mo. Jul. 22, 2008). That court also denied Mr. Holder's subsequent motion to amend the judgment pursuant to Fed. R. Civ. P. 59(e). *Holder v. United States*, 2009 WL 5030785 (E.D. Mo. Dec. 14, 2009).

This Court affirmed the denial of relief. *Holder v. United States*, 721 F.3d 979 (8th Cir. 2013). The United States Supreme Court denied certiorari. *Holder v. United States*, 136 S. Ct. 34 (2015).

**D. *Johnson v. United States* and prior application for successor authorization.**

On June 26, 2015, the Supreme Court issued its decision in *Johnson v. United States*, 135 S. Ct. 2551. With *Johnson*, the Supreme Court overruled *Sykes v. United States*, 131 S. Ct. 2267 (2011), and *James v. United States*, 550 U.S. 192 (2007), and found the residual clause defining "violent felony" in the Armed Career Criminal Act to be too vague to provide adequate notice under the Due Process Clause of the Fifth Amendment.

Specifically, *Johnson* held that "the indeterminacy of the wide-ranging inquiry required by the residual clause both denies fair notice and invites arbitrary enforcement by judges," therefore "[i]ncreasing a defendant's sentence under the clause denies due process of law." *Johnson*, 135 S. Ct. at 2557. The Court

subsequently held that *Johnson's* rule was substantive and thus applied retroactively to cases on collateral review. *Welch v. United States*, 136 S. Ct. 1257, 1265 (2016).

After *Johnson* and *Welch*, Mr. Holder sought authorization from this Court to file a second § 2255 motion, arguing that his § 924(c) conviction could not be sustained. On July 26, 2016 this Court denied the motion in a 2-1 vote. *Holder v. United States,* 836 F.3d 891 (8th Cir. 2016). The Court held that bank robbery under 18 U.S.C. § 2113 "meets the requirement to include as an element of use, attempted use, or threatened use of physical force against the person or property of another." *Id.* at 892.

Recognizing that Mr. Holder had presented an argument "sufficient to clear the low bar for obtaining permission to file" a successive motion, Judge Melloy dissented and would have voted to grant the application. *Id.* at 892 (Melloy, J., dissenting). Judge Melloy recognized the circuit split that had developed. The majority of circuits that applied *Johnson* have at least concluded that successive motions should be allowed on this issue. Judge Melloy also noted that "while it is not at this point clear how the combined offense of § 2113(a) and (e) might be committed in a manner not involving knowing or intentional intimidation, I do not view our role in approving or denying applications to file successive § 2255 motions to require resolution of such questions." *Id.* at 894.

**E.** *United States v. Davis.*

In *United States v. Davis*, the United States Supreme Court considered the question of whether the residual clause language in 18 U.S.C. § 924(c)(3)(B), defining "crime of violence," is unconstitutionally vague. Maurice Davis and his codefendant Andre Glover committed a string of gas station robberies in Texas. They were federally prosecuted with multiple counts of Hobbs Act robbery in violation of 18 U.S.C. §1951(a) and one count of conspiracy to commit Hobbs Act robbery. They both were charged with two additional counts of using or carrying a firearm "during in relation to," or possessing a firearm "in furtherance of," a federal crime of violence or drug trafficking crime." *Id.* On appeal, Davis and Glover challenged their convictions on the § 924(c) count charging the conspiracy as the predicate crime of violence on the grounds that the offense fell within the residual clause of § 924(c)(3)(B) which was unconstitutionally vague. *Id.* at 2325.

The Supreme Court remanded the case in light of its decision in *Sessions v. Dimaya*, striking down the almost identically worded residual clause of 18 U.S.C. § 16. On appeal, the Fifth Circuit Court of Appeals held that the residual clause of § 924(c)(3)(B) was unconstitutionally vague. *United States v. Davis*, 903 F.3d 483 (2018). Granting review to resolve a circuit split, the United States Supreme Court agreed with the Fifth Circuit that § 924(c)(3)(B) was unconstitutionally vague.

In *Davis*, the government agreed that if § 924(c)(3)(B) required the categorical approach, under which the Supreme Court struck down for vagueness the similarly

worded residual clauses of the Armed Career Criminal Act and 18 U.S.C. § 16, then the residual clause of § 924(c) was also void for vagueness. *See also Johnson*, 135 S. Ct. at 2558-2559; *Sessions v. Dimaya*, 138 S. Ct. 1204, 1216 (2018). However, the government argued that the Supreme Court should abandon the long-standing categorical approach as to § 924(c)(3)(B) and instead adopt a case-specific approach looking to the defendant's actual conduct in the predicate offense. *Davis*, 139 S. Ct. 2319.

The Supreme Court rejected the government's approach. Looking first to the text of § 924(c)(3)(B), the Court found that "the statutory text commands the categorical approach." *Davis*, 139 S. Ct. at 2328. Following its reasoning and holding in *Dimaya*, the Court in *Davis* determined that §16(b) and §924(c)(3)(B) both require the categorical approach. It noted that the nearly identical language in the two statues indicated a congressional intent that the statutes should be interpreted the same. *Id.* at 2330. The Supreme Court also rejected the government's argument that the categorical approach should be abandoned under the canon of constitutional avoidance. *Id.* at 2332-2333. The Supreme Court found that the canon did not apply to the circumstance argued by the government where it expanded rather than narrowed the reach of a criminal statute. *Id.* at 2332.

Thus, after careful consideration, the Court found no reason to abandon the categorical approach in assessing the constitutionality of § 924(c)(3)(B). *Id*. at 2333-

2336.  It then held that, under the categorical approach, § 924(c)(3)(B) was unconstitutionally vague. *Id*. at 2336.  After *Davis*, Mr. Holder's § 924(c) conviction cannot be sustained, for the reasons stated in detail in his attached § 2255 motion. Mr. Holder now requests authorization from this court to file a successive § 2255 motion.

**Legal Standard**

The gatekeeping provision of the Antiterrorism and Effective Death Penalty Act of 1996 allows a federal prisoner to apply for leave to file a successive § 2255 motion based on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(2). Under this provision, a federal prisoner must make a *prima facie* showing that the motion to be filed is based on (1) a previously unavailable (2) new rule (3) of constitutional law that (4) has been made retroactive by the Supreme Court to cases on collateral review. *See Tyler v. Cain*, 533 U.S. 656, 662 (2001).

This Court has specified that "a *prima facie* showing in this context is 'simply a sufficient showing of possible merit to warrant a fuller exploration by the district court.'" *Johnson v. United States*, 720 F.3d 720 (8th Cir. 2013) (quoting *Bennett v. United States*, 119 F.3d 468, 469 (7th Cir. 1997)).  The "showing of possible merit" relates only to the possibility that the requirements for filing a successive § 2255 motion will be met, not to the underlying merit of the claim that motion asserts. *Id.*

While the determination of whether Mr. Holder has made a *prima facie* showing that his claim satisfies § 2255(h)(2)'s requirements may entail a cursory glance at the merits, the focus of this Court's inquiry must remain on the gatekeeping standard itself. *See In re Hubbard, Movant*, 825 F.3d 225 (4th Cir. 2016) (noting that "while determining whether to authorize a successive petition" a court's analysis of the merits should be limited to a "cursory glance").

### Discussion

Mr. Holder's conviction and sentencing must be reexamined by the district court following the Supreme Court's decision in *Davis*. In *Davis*, the Supreme Court extended its holding in *Johnson* to the language in § 924(c). Mr. Holder's conviction and sentence are based on § 924(c). The full merits of whether Mr. Holder's § 2113(a) and (e) convictions may support a § 924(c) conviction following the invalidation of § 924(c)(3)(B) have never been considered by the district court. Mr. Holder can make a sufficient showing of possible merit that his conviction cannot stand under § 924(c) to warrant full consideration by the district court.

**A. *Davis* is retroactive even after a denied claim under *Johnson.***

As discussed above, the recent Supreme Court decision in *Davis* created a new rule of constitutional law by extending the rule of *Johnson* to reach 18 U.S.C. § 924(c). Several circuits have already agreed that *Davis* is retroactive as it applies

*Johnson* to create a new rule of constitutional law to a different section of the statute. *See, e.g., United States v. Reece*, 2019 WL 4252238, at *4 (5th Cir. Sept. 9, 2019), as revised (Sept. 30, 2019) (holding that *Davis* created a new rule of constitutional law applicable retroactively); *United States v. Bowen*, 936 F.3d 1091, 1097–98 (10th Cir. 2019) ("We first conclude that the Supreme Court's ruling in Davis that § 924(c)(3)'s residual clause is void for vagueness is a new constitutional rule that is retroactive on collateral review."); *In re Hammoud*, 931 F.3d 1032, 1040 (11th Cir. 2019) (finding that *Davis* "announced a new substantive rule of constitutional law in its own right, separate and apart from (albeit primarily based on) *Johnson* and *Dimaya*. Thus, Hammoud's present claim is a new *Davis* claim, not a *Johnson* or *Dimaya* claim"); *In re Matthews*, 934 F.3d 296, 301 (3d Cir. 2019) (authorizing successive § 2255 petitions after *Davis* even when the government argued the predicate offenses were crimes of violence under § 924(c)(3)(A)). *Davis* thus applies retroactively to Mr. Holder's convictions separately from his previous *Johnson* application.

**B. Mr. Holder's current argument was previously unavailable.**

Until the Supreme Court ruled, in *Davis,* that § 924(c)(3)(B) was unconstitutionally vague, the validity of Mr. Holder's § 924(c) conviction could not have been argued. Mr. Holder could not have previously made the argument that his conviction pursuant to § 2113(a) and (e) was not a categorical "crime of

violence" because it was inarguable that the residual definition under § 924(c)(3)(B) included bank robbery. Even if Mr. Holder had argued that bank robbery was not a "crime of violence" under the elements clause, the court would have upheld the conviction under the residual clause. With the residual clause now void, Mr. Holder can pursue this previously unavailable argument that bank robbery is not a "crime of violence" by § 924(c).

**C. Mr. Holder can make the *prima facie* showing of possible merit that § 924(c) cannot apply to him following *Davis* because federal bank robbery is not a categorical crime of violence.**

As explained below, and in depth in the attached proposed § 2255 motion, Mr. Holder can make the *prima facie* showing of possible merit required by 28 U.S.C. §§ 2244(b)(3) and 2255(h)(2). The only remaining clause in § 924(c) to define a "crime of violence" is the elements clause of § 924(c)(3)(A). This clause defines a "crime of violence" as a felony that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C.A. § 924(c)(3)(A).

Bank robbery under § 2113(a) and (e) is not a crime of violence because a person may accomplish bank robbery through any of the enumerated means of force, intimidation, or extortion. *See Mathis v. United States*, 136 S. Ct. 2243, 2253 (2016) (noting that means are different from elements and the modified categorical approach cannot be applied to means); *United States v. Deiter*, 890 F.3d 1203, 1211

n.5 (10th Cir. 2018) (noting the "elements versus means conundrum" but refusing to address it after finding appellant waived the argument).

Under § 2113(a), the essential element of unlawful means may be satisfied by the use of force, by intimidation, or by extortion. Congress' use of "or" and structure of the statute indicate the intent for the singular crime of bank robbery to include any one of these three means. Intimidation and extortion do not require force. Even though the courts have, at times, decided that intimidation cannot be completed without the threat of force, it is inarguable that extortion may be committed without the use of or threatened use of physical force. Extortion includes the threat of financial or reputational harm, which does not require force. Thus, an element of bank robbery does not necessarily include force.

Additionally, § 2113(e) does not require the use of force by the defendant. It requires a killing or hostage taking during the crime or during defendant's result from the crime. However, it only requires a result. It does not require either any *mens rea* from the defendant or any attempted, threatened, or actual use of force by the defendant to achieve that result. Thus, § 2113(e) categorically fails to qualify as a crime of violence.

At least one circuit has authorized post-*Davis* successive § 2255 in cases where the predicate offense was bank robbery. *See in re Matthews,* 934 F.3d 296 (3rd Cir. 2019). Mr. Dupree, one of the multiple petitioners whose applications for

successor authorization were consolidated by the Third Circuit, had been convicted, like Mr. Holder, of federal bank robbery under § 2113(a) and then of § 924(c) predicated on the bank robbery conviction. The Third Circuit held that all of the petitioners, including Mr. Dupree (as well as others whose predicate offenses were Hobbs Act robbery), had "made a *prima facie* showing that their petitions satisfy the pre-filing requirements of § 2255." *Id.* at 301.

Before the Third Circuit, the government argued that bank robbery (and Hobbs Act robbery) could be upheld as crimes of violence under § 924(c)'s elements clause. The Third Circuit rejected this argument, holding "[w]hether the Petitioners' crimes fall under the elements clause or the challenged residual clause is itself a merits inquiry" that must be resolved by the district court. *Id.*

Like the petitioners in *Matthews,* Mr. Holder has made the required *prima facie* showing. Whether his conviction can be upheld consistent with the Supreme Court's recent interpretation of § 924(c) should be resolved initially by the district court, and that court should be allowed an opportunity to consider the merits of his application. *See Holder*, 836 F.3d at 892-93 (Melloy, J. dissenting) (noting that it is not the circuit court's "role in approving or denying applications to file successive § 2255 motions to require resolution" of whether bank robbery might be committed without an element of violence or intentional intimidation).

**Conclusion**

14

Here, the predicate offense to Mr. Holder's § 924(c) conviction is bank robbery under § 2113(a) and (e). There is no dispute that this crime was previously considered a "crime of violence" under § 924(c)(3)(B). There is also no dispute that, under the categorical approach, § 924(c)(3)(B) is unconstitutionally void for vagueness. However, the question remains whether an offense under § 2113(a) and (e) is a categorical crime of violence under the remaining elements clause of § 924(c)(3)(A); if it is not, then Mr. Holder's § 924(c) conviction cannot stand  The courts that have considered this question recognize that it is a question of the merits and should be fully explored by the district court.

The analysis above demonstrates that Mr. Holder has made the required *prima facie* showing under 28 U.S.C. § 2244(b)(3)(C).  *Davis* created a new rule of constitutional law that was previously unavailable and applies retroactively to cases like Mr. Holder's that are on collateral review.  Whether federal bank robbery qualifies as a categorical crime of violence after *Davis* presents an issue with possible merit deserving of consideration by the district court.  Mr. Holder's application thus satisfies the § 2255(h)(2) requirement of a "sufficient showing of possible merit to warrant a fuller exploration by the district court."

WHEREFORE, Mr. Holder respectfully requests that this Court grants his application and authorize him to file the attached successive motion pursuant to 28 U.S.C. § 2255 in the United States District Court for the Eastern District of Missouri.

Dated November 18, 2019

        Respectfully submitted,
        LISA G. PETERS
        Federal Defender


        SCOTT W. BRADEN
        Assistant Federal Defender
        Arkansas Federal Defender Office
        Arkansas Bar Number 2007123
        1401 West Capitol, Suite 490
        Little Rock, Arkansas 72201
        (501) 324-6114
        Scott_braden@fd.org
        Counsel for Norris G. Holder, Jr.

# <u>CERTIFICATE OF COMPLIANCE</u>

This Application to file a Successive § 2255 application comply with the rules governing type-volume limitations in Federal Rule of Appellate Procedure 28.1(e)(2)(B)(i) excluding portions exempted by Fed. R. App. P. 32(f).

This Application complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in 14-point Times New Roman font—a proportionally spaced typeface—using Microsoft Word 2016.

/s/ Scott W. Braden
SCOTT W. BRADEN

**CERTIFICATE OF SERVICE**

I hereby certify that on November 18, 2019, the foregoing Application for Authorization to File a Successive Motion Under 28 U.S.C. § 2255 was presented to the Clerk of the United States Court of Appeals for the Eighth Circuit.

I further certify that on the same date, the foregoing Application was served on the following by electronic mail to:

Cristian Smith, Assistant United States Attorney
Cris.Smith@usdoj.gov

Joseph Landolt, Assistant United States Attorney
Josheph.landolt@usdoj.gov

Office of the United States Attorney, Eastern District of Missouri
Usamoe.crimdock@usdoj.gov

And by depositing the above document in the United States Postal Service, first class postage prepaid to Mr. Jeffrey B. Jensen, United States Attorney for the Eastern District of Missouri, Thomas Eagleton U.S. Courthouse, 111 S. 10th Street, 20th Floor, St. Louis, MO 63102.

/s/Scott W. Braden
Scott W. Braden