IN THE UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT

NORRIS HOLDER, JR.,     )
     )
     Petitioner,     )
     )
     v.     )     No. 19-3473 – EMSL
     )
UNITED STATES OF AMERICA,     )
     )
     Respondent.     )

**UNITED STATES OF AMERICA'S RESPONSE IN OPPOSITION TO PETITIONER'S APPLICATION FOR LEAVE TO FILE A SUCCESSIVE PETITION UNDER 28 U.S.C. § 2255**

COMES NOW the United States of America, by and through the United States Attorney for the Eastern District of Missouri, Jeffrey B. Jensen, and Sayler A. Fleming, Assistant United States Attorney for said district, and responds in opposition to Petitioner's Application for Authorization to File a Successive Motion Under 28 U.S.C. § 2255. Because Petitioner fails to make even a *prima facie* showing that his petition falls within the scope of 18 U.S.C. § 2255(h), his request to file a successive Section 2255 petition must be denied.

## I.    PROCEDURAL HISTORY

In 1998, Billie Allen and Petitioner Norris Holder were convicted after separate trials of killing a security guard, Richard Heflin, during the commission of

an armed bank robbery, in violation of Title 18, United States Code, Sections 2113(a) and (3) (Count I); and using or carrying a firearm during the commission of a crime of violence that resulted in the death of another person under circumstances constituting first-degree murder, in violation of Title 18, United States Code, Section 924(j) (Count II). In accordance with the jury's recommendation, Petitioner was sentenced to death on both counts.

Petitioner appealed to this Court, which affirmed both the District Court's conviction and the death sentences. *United States v. Allen*, 247 F.3d 741 (8th Cir. 2001). Petitioner's attempt to seek review by the Supreme Court was, thereafter, rejected. *Holder v. United States*, 539 U.S. 916 (2003).

Petitioner filed his first motion for post-conviction relief under Title 28, United States Code, Section 2255, which was denied by the District Court on July 30, 2008. *Holder v. United States*, 2008 WL 2909648 (E.D. Mo. Jul. 22, 2008). Petitioner then unsuccessfully appealed the District Court's ruling on his Section 2255 Motion. *Holder v. United States*, 721 F.3d 979 (8th Cir. 2013). The Supreme Court subsequently denied Petitioner's application for a writ of certiorari. *Holder v. United States*, 136 S. Ct. 34 (2015).

On May 13, 2016, Petitioner filed his first application to this Court to file a successive petition under Title 28, United States Code, Section 2255(h).

Specifically, Petitioner claimed that, in light of the United States Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), his conviction for bank robbery under Sections 2113(a) and (e) no longer qualified as a predicate "crime of violence" for purposes of Section 924(c). On July 26, 2016, this Court denied Petitioner's application, holding that "bank robbery in violation of 18 U.S.C. § 2113(a) and (e) is a 'crime of violence' under 18 U.S.C. § 924(c)(3)(A)." *Holder v. United States*, 836 F.3d 891, 892 (8th Cir. 2016) (citing *United States v. Boman*, 810 F.3d 534, 543 (8th Cir. 2016) (holding that the crime of federal robbery under 18 U.S.C. § 2111, which must be committed "by force and violence, or by intimidation," "ha[s] as an element the 'attempted use, or threatened use of physical force against the person of another'"); *In re Hines*, 824 F.3d 1334, 1336–37 (11th Cir. 2016) ("[A] conviction for armed bank robbery clearly meets the requirement ... to include as an element, 'the use, attempted use, or threatened use of physical force against the person or property of another.'"); *United States v. McNeal*, 818 F.3d 141, 152-53 (4th Cir. 2016) (holding that "armed bank robbery is unquestionably a crime of violence, because it 'has as an element the use, attempted use, or threatened use of physical force,'" and observing that "[o]ur sister circuits have uniformly ruled that other federal crimes involving takings 'by force and violence, or by intimidation,' have as an element the use, attempted use, or

threatened use of physical force.")).

## II.  <u>**CURRENT CLAIM FOR RELIEF**</u>

The matter is now before the Court on Petitioner's second petition to file a successive habeas petition. Petitioner's petition is premised on the retroactive application of the recent decision in *United States v. Davis*, 139 S. Ct. 2319 (2019), wherein the Supreme Court held that Section 924(c)(3)(B) (commonly referred to as the "residual clause") is unconstitutionally vague. Petitioner asserts that because the federal bank robbery statute does not qualify as a predicate "crime of violence" under Section 924(c)(3)(A) (commonly referred to as the "force" or "elements" clause), his conviction under Section 924(c) and (j) must be vacated.

Petitioner, however, does not meet the threshold requirements to qualify for successive habeas relief. This Court and all other Circuits have held the elements of federal bank robbery, codified in Section 2113(a), satisfy the "force clause" of Section 924(c)(3)(A). As a result, Petitioner cannot avail himself of the relief afforded certain others by the decision in *Davis*.

Furthermore, even if this Court were inclined to revisit its binding precedent, granting Petitioner's application for successive habeas relief would not be the means to do so. Indeed, Petitioner was convicted of bank robbery under Section 2113(e), which requires the killing of a person during the commission of the offense. 18

U.S.C. § 2113(e). In addition, Petitioner was convicted of Section 924(j), which requires that the death resulting from the use of a firearm be a murder as further defined in Section 1111. 18 U.S.C. § 924(j). Accordingly, the holding in *Davis* is inapplicable to Petitioner's convictions, and, thus, his petition must be denied.

### A.     Applicable Legal Standard

Under Title 28, United States Code, Section 2255, as amended by the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, a federal prisoner may not file a second or successive motion to vacate unless a three-judge panel of the court of appeals certifies that the motion relies on, as pertinent here, "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."   28 U.S.C. § 2255(h); *see also* 28 U.S.C. § 2244(a)(3); *Nichols v. Symmes*, 553 F.3d 647, 650 (8th Cir. 2009) (describing § 2255(h) authorization requirements as "stringent"); *Hill v. Morrison*, 349 F.3d 1089, 1090 (8th Cir. 2003) (describing prisoner's earlier efforts to obtain permission to file a successive § 2255 motion).[1]  However, "simply citing a new rule is not enough. 'The new rule must have a nexus to the right asserted in the motion.'"

---

[1] Petitioner does not rely on or even allege any newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by a clear and convincing evidence that no reasonable fact-finder would have found him guilty of the offense.

*Winarske v. United States*, 913 F.3d 765, 768 (8th Cir. 2019) (quoting *Donnell v. United States*, 826 F.3d 1014, 1016 (8th Cir. 2016)).

Petitioner contends that his petition fits this exception because *Davis* announced a new rule of constitutional law that was made retroactive to cases on collateral review. Nevertheless, because the rule announced in *Davis* is inapplicable to the statutes of which Petitioner was convicted, his petition should be denied.

**B.      Analysis**

**1.      *Davis* Does Not Apply to the Force Clause in 18 U.S.C. § 924(c)(3)(A).**

In *Johnson*, the Supreme Court held that the residual clause portion of the Armed Career Criminal Act (ACCA), 18 U.S.C. §924(e)(2)(B)(ii) ("or otherwise involves conduct that presents a serious potential risk of physical injury to another"), was unconstitutionally void for vagueness. *Johnson*, 135 S. Ct. at 2557. The Supreme Court held in *United States v. Welch*, 136 S. Ct. 1257 (2016), that the rule in *Johnson* was a substantive new rule that is retroactive on collateral review. However, *Johnson* has no effect on the force clause of Section 924(e)(2)(B)(i), which defines a violent felony as one that "has as an element the use, attempted use, or threatened use of physical force against the person of another." *Johnson*, 135 S. Ct. at 2563 ("Today's decision does not call into question application of the Act to

6

the four enumerated offenses, *or the remainder of the Act's definition of a violent felony*.") (emphasis furnished).

Similarly, in *Davis*, the Supreme Court held that 18 U.S.C. § 924(c)(3)(B), the residual clause definition of "crime of violence," is unconstitutionally vague. *Davis,* 139 S. Ct. at 2336. However, just as *Johnson* is not applicable to the violent felony force clause in Section 924(e)(2)(B)(i), *Davis* is not applicable to the crime of violence force clause in Section 924(c)(3)(A). As Petitioner was not convicted under the residual clause of Section 924(c)(3)(B), his conviction remains unaffected by *Davis*.

### 2. Federal Bank Robbery is a Crime of Violence Under the Force Clause.

Petitioner contends that *Davis* is applicable because, according to Petitioner, a federal bank robbery conviction under Section 2113(a) and (e) does not qualify as a "crime of violence" under the force clause of Section 924(c)(3)(A). However, Petitioner's argument is contrary to this Court's well-established precedent.

Indeed, this Court has already rejected an application by Petitioner raising the same argument. *See Holder*, 836 F.3d at 892. There, the Court unequivocally held that "bank robbery in violation of 18 U.S.C. § 2113(a) and (e) is a 'crime of violence' under 18 U.S.C. § 924(c)(3)(A)." *Id.* (citing *Bowman*, 81 F.3d at 543; *In re Hines*, 824 F.3d at 1336-37; and *McNeal* 818 F.3d at 152-53).

7

This Court has repeatedly reaffirmed that holding. For example, in *United States v. Estell*, 924 F.3d 1291 (8th Cir. 2019), the defendant sought post-conviction relief pursuant to 28 U.S.C. 2255, in light of *Johnson*. Like Petitioner in his first application for successive habeas relief, the defendant argued, among other things, that his conviction under Section 924(c) must be vacated because federal bank robbery is not a "crime of violence" under Section 924(c)(3)(B). *Id.* at 1292.

Affirming the district court's denial of post-conviction relief, the Court held, as it had in "prior decisions," that federal bank robbery is a "crime of violence" under Section 924(c)(3)(A). *Id.* (citing *Allen v. United* States, 836 F.3d 894, 894 (8th Cir. 2016)). The Court also held that "even though bank robbery by intimidation does not require a specific intent to intimidate, *see United States v. Yockel*, 320 F.3d 818, 824 (8th Cir. 2003), it still constitutes a threat of physical force because 'threat,' as commonly defined, 'speak[s] to what the statement conveys—not to the mental state of the author.'" *Id.* (quoting *United States v. Harper*, 869 F.3d 624 (8th Cir. 2017)). "And '[a] threat of bodily harm requires a threat to use violent force because it is impossible to cause bodily injury without using force capable of producing that result.'" *Id.* (quoting *Harper*, 869 F.3d at 626). *See also United States v. Smith*, 770 F. App'x 780 (8th Cir. 2019) (holding bank robbery by intimidation under § 2113(a) is a "crime of violence" under the guidelines); *Kidd v. United States*, 929 F.3d 578,

581 (8th Cir. 2019) (affirming denial of post-conviction relief post-*Davis* because, like bank robbery, armed robbery of controlled substances, which can be committed by means of intimidation, is a "crime of violence" under the force clause of Section 924(c)(3)(A)); *Johnson v. United States*, 774 F. App'x 334, 334 (2019) (affirming denial of post-conviction relief post-*Davis* because aiding and abetting armed bank robbery is a "crime of violence" under the force clause of Section 924(c)(3)(A)).

This Circuit is not alone in that determination. In fact, in the wake of *Johnson* and *Davis* claims, the courts of appeals have unanimously held that bank robbery under Section 2113(a) is a predicate "crime of violence" under the force clause of Section 924(c)(3)(A). *See, e.g., United States v. Hunter*, 873 F.3d 388, 390 (1st Cir. 2017) (holding federal bank robbery is a crime of violence under Section 924(c)(3)(A)); *United States v. Evans*, 924 F.3d 21, 28-29 (2d Cir. 2019) (holding Section 2113(a) contains "at least two separate offenses, bank robbery and bank extortion," the former being without question a "violent felony" for purposes of the force clause of the ACCA); *United States v. Hendricks*, 921 F.3d 320 (2d Cir. 2019) (same holding with respect to crimes of violence under the force clause of Section 924(c)(3)(A)); *United States v. Johnson*, 899 F.3d 191, 204 (3d Cir. 2018) (holding federal bank robbery is a crime of violence under Section 924(c)(3)(A)); *United States v. McNeal*, 818 F.3d 141 (4th Cir.), *cert. denied*, 137 S. Ct. 164, 196 (2016)

(same); *United States v. Pervis*, 937 F.3d 546 (5th Cir. 2019) (rejecting challenge under *Davis* and concluding, as the Fifth Circuit has "done before," that "§ 2113(a) is a crime of violence under 18 U.S.C. § 924(c)(3)(A)"); *Warrick v. United States*, 2019 WL 2299252, *2 (6th Cir. Mar. 5, 2019) (denying certificate of appealability and holding, based on Sixth Circuit precedent, that federal bank robbery "satisfies the use-of-force clause definition of 'crime of violence'"); *United States v. Williams*, 864 F.3d 826 (7th Cir. 2017) (holding "bank robbery by intimidation defined in § 2113(a) is a crime of violence under the elements clause of § 924(c)(3)(A)"); *United States v. Watson*, 881 F.3d 782, 784 (9th Cir.), *cert. denied*, 139 S. Ct. 203, 202 (2018) (holding federal armed bank robbery by force and violence, or by intimidation, is categorically a crime of violence under the force clause of Section 924(c)(3)(A)); *United States v. Neihart*, 755 F. App'x 760, 763-64 (10th Cir. 2018) (denying certificate of appealability and authorization to file successive Section 2255 motion because Tenth Circuit has "consistently held that armed bank robbery is a crime of violence under the elements clause" of § 924(c)(3)(A)); *United States v. Alston*, -- F. App'x --, 2019 WL 5957206 (11th Cir. Nov. 13, 2019) (holding defendant's challenge "to his § 924(c) conviction [is] foreclosed by binding precedent that armed bank robbery is a qualifying crime of violence under § 924(c)(3)(A)"). Petitioner's conviction under Section 2113(e), which required

10

Petitioner kill a person during the commission of the bank robbery, *a fortiori*, is a "crime of violence" under Section 924(c)(3)(A). Accordingly, Petitioner cannot make the requisite *prima facie* showing under 18 U.S.C. § 2255(h), and his request to file a successive Section 2255 motion must be denied. *See Taylor v. United States*, No. 16-4192, 2019 WL 3213547 (8th Cir. July 17, 2019) (denying Section 2255 relief under *Davis* where petitioner's carjacking conviction qualified as a crime of violence under the force clause of Section 924(c)).

## III.  CONCLUSION

In light of this Court's well-established precedent with respect to Section 924(c)(3)(A)'s application to the crime of bank robbery in Section 2113(a), Petitioner has failed to satisfy the gatekeeping requirements of Title 28, United States Code, Section 2255(h)(2).

WHEREFORE, the United States respectfully requests this Court deny Petitioner's request for authorization to pursue successive habeas relief.

Respectfully submitted,

JEFFREY B. JENSEN
United States Attorney

*/s/ Sayler A. Fleming*
SAYLER A. FLEMING #58775MO
Assistant United States Attorney
111 South 10th Street
St. Louis, Missouri 63102
(314) 539-2200

## CERTIFICATE OF COMPLIANCE

The undersigned hereby certifies, pursuant to Rules 32(a)(5), 32(a)(6) and 32(a)(7)(B) of the Federal Rules of Appellate Procedure, that the foregoing was prepared using Microsoft Word 2016, in 14-point Times New Roman font and that it contains 2,353 words, excluding the parts of the motion exempted by Federal Rule of Appellate Procedure 32(f), as determined by the Microsoft Word 2016 word-counting feature.

*/s/ Sayler A. Fleming*
SAYLER A. FLEMING #58775MO
Assistant United States Attorney

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the above and foregoing was served by way of this Court's Electronic Filing system this 21st day of November, 2019, upon counsel of record.

*/s/ Sayler A. Fleming*
SAYLER A. FLEMING #58775MO
Assistant United States Attorney