IN THE UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT

| | | |
|---|---|---|
| Norris G. Holder, Jr., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| | ) | C.A. No. 19-3473-EMSL |
| v. | ) | |
| | ) | |
| United States of America, | ) | |
| | ) | |
| Respondent. | ) | |

## REPLY IN SUPPORT OF HIS APPLICATION FOR AUTHORIZATION TO FILE A SUCCESSIVE MOTION UNDER 28 U.S.C. SECTION 2255

Petitioner, Norris G. Holder, Jr., through undersigned counsel, respectfully submits this reply to the United States of America's Response in Opposition to Petitioner's Application for Leave to File a Successive Petition Under 28 U.S.C. § 2255, filed on November 21, 2019 ("Response").

## I. INTRODUCTION

The government bases its Response on this Court's previous denial of authorization to Mr. Holder after *Johnson* and other cases that have held that bank robbery under 18 U.S.C. § 2113(a) is a crime of violence under the force clause. The government argues that Mr. Holder has failed to make the *prima facie* showing. In reality, Mr. Holder has made the requisite showing, and the government's Response speaks to the merits of Mr. Holder's argument. It is not this Court's role to examine the merits of the

case at this stage. Mr. Holder respectfully requests that this Court grant his application in order for the district court to fully examine the merits.

## II.    ARGUMENT

While the government contends otherwise, *Davis* applies to Mr. Holder because he was convicted under § 924(c).  Mr. Holder has made the requisite *prima facie* showing that, after *Davis*, his § 924(c) conviction cannot stand.  Federal bank robbery under 18 U.S.C. § 2113(a) and (e) is not a crime of violence under § 924(c)'s force clause because its generic element for the means of acquisition does not require the defendant to use "force or violence" or "intimidation." It may also be committed by means of extortion, which may be economic or reputational threat, not force or violence. Also, § 2113(e) only requires a resulting death, not the use of force.

### A.    *Davis* applies because Mr. Holder was not convicted under a specific subsection of § 924(c).

The government incorrectly argues that Mr. Holder's convictions are unaffected by *Davis*. *See* Response at 7. The Response states that Mr. Holder "was not convicted under the residual clause of Section 924(c)(3)(B)" and thus "his conviction remains unaffected by *Davis*." *Id*. It is true that Mr. Holder was not specifically convicted under § 924(c)(3)(B), however, it is also true that Mr. Holder was not specifically convicted under the force clause of § 924(c)(3)(A). Mr. Holder's jury instructions indicate that he was

convicted pursuant to the broader statute, § 924(c). *See* Jury Instruction No. 19, *United States v. Norris Holder*, No. 4:97CR141 ERW (TCM) (E.D. Mo. 1998). His conviction required a predicate crime of violence under either § 924(c)(3)(A) or (B). Thus, *Davis* applies because it is not clear precisely whether Mr. Holder was convicted under the force clause or the residual clause.

> **B.      Section 2113(a) does not satisfy the force clause because it is indivisible and may be accomplished by the means of extortion, which does not require the use of force.**

The text and legislative history of § 2113(a) indicate that it is an indivisible offense. It specifies "force and violence," "intimidation," and "extortion" as means by which the crime may be committed. *See Mathis*, 136 S. Ct. 2243, 2249 (2016) (noting that means are various factual ways in which to satisfy a single element of the same crime). The Tenth Circuit also acknowledged that § 2113(a) may be indivisible, including extortion as one of several means. *See United States v. Deiter*, 890 F.3d 1203, 1211 n.5 (10th Cir. 2018). The Tenth Circuit noted in a lengthy footnote that a "conundrum" between elements and means exists within § 2113(a). *Id.*

The government's Response did not address the divisibility of the statute or the means of extortion. It only cited the previous decisions, which

also do not address extortion as a means, that intimidation satisfies the force clause. *See* Response at 8. An analysis of elements or means is proper in a consideration of the merits, but not at this stage. *See infra*, II.C.

Mr. Holder has at least presented an argument with a sufficient showing of merit that extortion is one means of satisfying an element of bank robbery, disqualifying § 2113(a) as a categorical crime of violence. *See* Application at 12-13; Proposed § 2255 Motion at 17-23. Extortion may be committed by the threat of economic harm, rather than the use of physical harm. *See U.S. v. Wilford*, 710 F.2d 439, 445 (8th Cir. 1983) ("[T]he defendants were guilty of extortion . . . by using fear of economic loss to obtain property to which they had no lawful claim."). Section 2113(a) thus does not have an element of force under the categorical approach.

**C. Section 2113(e) only requires a result of death and not an act of force, and thus it cannot be a categorical crime of violence.**

Section 2113(e) cannot be a categorical crime of violence under the force clause because it only requires a resulting death and does not require any actual use of force or threat of force from the defendant. "Physical force" has two additional requirements, one of which is that the use of force "must be intentional, not just reckless or negligent." *United States v.*

*Dixon*, 805 F.3d 1193, 1197 (9th Cir. 2015); *see also Leocal v. Ashcroft*, 543 U.S. 1, 12-13 (2004).

The government alleges that § 2113(e) is a crime of violecne because it requires Petitioner to kill a person. *See* Response at 10-11. In reality, § 2113(e) only requires that a death result from the bank robbery. *See* 18 U.S.C. § 2113(e) ("Whoever, in committing any offense defined in this section . . . or if death results shall be punished by death or life imprisonment"). The government focuses on the language "kills any person," however, that is followed by "shall be imprisoned not less than ten years." *Id.* The penalty of death, which Mr. Holder received under § 2113(e), is only prescribed following "if death results." *Id.* Thus, Mr. Holder's § 2113(e) conviction would not require an intentional use of force by Mr. Holder, since it could be any death that resulted from the robbery rather than his killing of another person.

**D. Section 2255(h) merely requires a *prima facie* showing, and the merits are to be considered by the district court in the first instance.**

Section 2255(h) only requires a *prima facie* showing of possible merit in order for this Court to authorize the motion to be filed with the district court. *See generally Johnson v. United States*, 720 F.3d 720 (8th Cir. 2013) (quoting *Bennett v. United States*, 119 F.3d 468, 469 (7th Cir. 1997))

("[A] prima facie showing in this context is 'simply a sufficient showing of possible merit to warrant a fuller exploration by the district court.'"). A sufficient showing of possible merit is not a high burden. *See Holder v. United States*, 836 F.3d 891, 892 (8th Cir. 2016) (Judge Melloy dissenting) (noting the "low bar for obtaining permission to file" a successive motion).

The government contends that Mr. Holder has not made a *prima facie* showing. The Response relies on this Court's denial of Mr. Holder's previous § 2255 motion. However, even in that decision, Judge Melloy dissented on the grounds that the appropriate standard was met, and a denial on the merits was not the role of this Court. *See Holder v. United States*, 836 F.3d at 894 (Judge Melloy dissenting) (noting that it is not this Court's "role in approving or denying applications to file successive § 2255 motions to require resolution" of whether bank robbery might be committed without an element of violence or intentional intimidation).

Now, Mr. Holder's argument is even stronger after *Davis* invalidated a portion of the statute of his conviction. The Third Circuit, following *Davis*, has authorized § 2255 motions for petitioners, like Mr. Holder, who were convicted of federal bank robbery under § 2113(a) and then of § 924(c) predicated on the bank robbery conviction. *See in re Matthews*, 934 F.3d 296, 301 (3rd Cir. 2019). Notably, it rejected the government's

argument that bank robbery could be upheld as a crime of violence under § 924(c)'s force clause because "[w]hether the Petitioner's crimes fall under the elements clause or the challenged residual clause is itself a merits inquiry" that must be resolved by the district court. *Id.* Similarly, whether Mr. Holder's conviction follows § 924(c)(3)(A) or (B), whether extortion is a means or element, and whether bank robbery including the means of extortion would categorically qualify as a crime of violence under the force clause, is a merits inquiry for the district court. Mr. Holder has met the required *prima facie* showing of possible merit for authorization.

### III.  CONCLUSION

For all of the reasons set forth above and in his Application, Mr. Holder has presented a *prima facie* showing that all the requirements of § 2255(h)(2) are satisfied, and he therefore respectfully asks this Court to authorize him to file in the district court a successive motion pursuant to 28 U.S.C. § 2255.

Dated November 27, 2019

Respectfully submitted,
LISA G. PETERS
Federal Defender


SCOTT W. BRADEN
Assistant Federal Defender
Arkansas Federal Defender Office
Arkansas Bar Number 2007123
1401 West Capitol, Suite 490

Little Rock, Arkansas 72201
(501) 324-6114
Scott_braden@fd.org
Counsel for Norris G. Holder, Jr.

### CERTIFICATE OF COMPLIANCE

This Reply In Support Application to file a Successive § 2255 application comply with the rules governing type-volume limitations in Federal Rule of Appellate Procedure 28.1(e)(2)(B)(i) excluding portions exempted by Fed. R. App. P. 32(f).

This Application complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in 14-point Times New Roman font—a proportionally spaced typeface—using Microsoft Word 2016.

/s/ Scott W. Braden
SCOTT W. BRADEN

## CERTIFICATE OF SERVICE

I hereby certify that, on November 27, 2019, I filed the foregoing Reply in

Support of Application to File a Successive § 2255 Application using this Court's

CM/ECF system, which shall automatically serve notice on opposing counsel.

/s/ Scott W. Braden
SCOTT W. BRADEN